UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5582-SVW | Date | February 4, 2013 |
|---|---|---|---|
| Title | DOROTHEE BURKHART V. WARDEN | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not Present  Not Present

**Proceedings:**   (In Chambers:) **PETITIONER'S MOTION TO REASSIGN THIS CASE** (filed January 24, 2013)

On June 27, 2012, petitioner Dorothee Burkhart filed a petition for a writ of habeas corpus. Dkt. No. 1. On October 16, 2012, the Honorable Stephen V. Wilson, U.S. District Judge for the Central District of California, denied the petition, along with a number of other motions that petitioner filed during the course of the proceedings. Dkt. No. 24. After her petition was denied, petitioner filed additional motions, which Judge Wilson denied as moot. Dkt. No. 29. Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeal on November 2, 2012. Dkt. No. 32.

On December 20, 2012, a Ninth Circuit panel denied various emergency motions that petitioner had filed, including her motion for a stay of the proceedings and release on her own recognizance pending appeal. Dkt. No. 36. On January 16, 2013, Judge Wilson granted the government's an ex parte application for an order authorizing the U.S. Marshal's Service to temporarily release petitioner to the Los Angeles County Sheriff's Department for a state court deposition. Dkt. No. 38.

On January 24, 2013, petitioner filed the instant motion to reassign this case, which was randomly assigned to the undersigned for ruling. Dkt. No. 39. Petitioner argues that the Honorable Judge Wilson has acted arbitrarily and unfairly in denying her habeas petition, along with the other motions petitioner has filed, and therefore seeks to have her case reassigned to another U.S. District Judge. However, it appears that the sole ground for petitioner's motion is that she disagrees with Judge Wilson's rulings in her case, including the denial of her petition for a writ of habeas corpus. See Dkt. No. 36 at 2–3. As such, the Court concludes that petitioner's motion is without merit. Under 28 U.S.C. § 455, disqualification is required where, *inter alia*, a judge's "impartiality might

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5582-SVW | Date | February 4, 2013 |
|---|---|---|---|
| Title | DOROTHEE BURKHART V. WARDEN | | |

reasonably be questioned." It is axiomatic that "a judge's prior adverse ruling is not sufficient cause for recusal," as any alleged prejudice "must result from an extrajudicial source" to support a motion to recuse or reassign. U.S. v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Because petitioner appears only to disagree with Judge Wilson's rulings, she states no grounds upon which a motion to reassign or recuse may be granted. In accordance with the foregoing, petitioner's motion is hereby DENIED.

    IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |